IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| NGAN KIM NGUYEN MINNIS,<br><br>     Plaintiff,<br><br>     v.<br><br>TRUDY SCROGGS, and WENDY BROWER,<br><br>     Defendants. | CIVIL ACTION NO.: 5:24-cv-45 |

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting state law workers' compensation claims and Social Security fraud. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Additionally, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff alleges that Defendants violated the Georgia Workers' Compensation Act. O.C.G.A. § 34-9-1 *et seq.* Doc. 1 at 4. Specifically, Plaintiff claims that Defendants

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

"intentionally made false/misleading statements" preventing her from receiving treatment for a neck injury. Plaintiff also claims that Defendants "committed insurance fraud to the SSDI."[2] Id.

It appears from the Complaint that Plaintiff was employed by or with Defendants in some capacity. Plaintiff explains that Defendants "have delayed my treatment and failed to comply for the work comp rules." Id. at 6. Plaintiff alleges Defendants misled her "into signing on and off every two hours" regardless of her actual work schedule. Id. Plaintiff appears to allege that Defendants did this so that, at other times, she would not be eligible for workers' compensation ("Why would she send me out on a goose chase of doing chores . . . . That means if I got in a car wreck or something, it would have been on me, not on work comp because I have traveled out of the work area."). Id. Plaintiff alleges she was injured while working but has not yet received compensation for medical treatment. Id. at 7. Plaintiff also alleges Defendants committed Social Security fraud but provides no factual background in support of this claim. Id. at 4.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

---

[2] "SSDI" likely stands for "Social Security Disability Insurance."

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Plaintiff Has Not Stated a Federal Claim**

Plaintiff has not alleged any facts in support of her Social Security claim.  To state a plausible claim for relief, Plaintiff must at least plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 at 678.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Einhorn v. Axogen, Inc., 42 F.4th 1218, 1222 (11th Cir. 2022) (citation and punctuation omitted).  Plaintiff's only reference to Social Security is an allegation that Defendants "committed insurance fraud to the SSDI."  Doc. 1 at 4.  Plaintiff

has not alleged any facts to support any claim related to Social Security. As such, Plaintiff's federal claim fails.

## II. The Court Lacks Jurisdiction to Hear Plaintiff's State Law Claims

### A. Original Jurisdiction

Plaintiff's remaining claims allege violations of Georgia law. The Complaint lists Plaintiff, as well as both Defendant Scroggs and Defendant Brower, as citizens of the State of Georgia. Doc. 1 at 3–4.

To properly hear a case, a federal court must possess subject-matter jurisdiction. "Subject-matter jurisdiction is the court's statutory or constitutional power to adjudicate the case." Parsons v. Regna, 847 F. App'x 766, 770 n.8 (11th Cir. 2021) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). Federal subject-matter jurisdiction is statutory and generally extends from 28 U.S.C. § 1331 for cases arising under federal law and 28 U.S.C. § 1332 when diversity of citizenship exists between the parties. See Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437 (2019) (describing these forms of jurisdiction and explaining the rationales for each). Subject-matter jurisdiction is a threshold requirement, one that "is inflexible and without exception." Ruhrgas Ag. v. Marathon Oil Co., 526 U.S. 574, 577 (1999) (citation omitted).

For the reasons stated above, Plaintiff has presented no valid claim arising under federal law. In addition, diversity jurisdiction requires that a controversy be "between citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the State of Georgia, as are both named Defendants. Diversity does not exist under these facts. As such, the Court does not possess original jurisdiction over any claims in this case.

### B. Supplemental Jurisdiction

District courts retain supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction," with exceptions. 28 U.S.C. § 1367(a). Related claims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Id. Supplemental jurisdiction "is, by its very nature, not original but additional" and "relies on the existence of some other basis of jurisdiction." Palmer v. Hosp. Auth., 22 F.3d 1559, 1565 (11th Cir. 1994). The Court lacks original jurisdiction over any claim in this case. The Court, therefore, also lacks supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in

good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of May, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA